**F I L E D**
CLERK, U.S. DISTRICT COURT

1/29/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KM _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>FRANCISCO GUERRA-ROSALES,<br>  aka, "Alvaro Hernandez-Guerra,"<br>  aka, "Churro,"<br><br>        Defendant. | CR 2:26-cr-00044-DOC<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. §§ 922(g)(1), (5): Prohibited Person in Possession of Firearms; 21 U.S.C. § 853, 18 U.S.C. § 924, & 28 U.S.C. § 2461(c):  Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 13, 2024, in Los Angeles County, within the Central District of California, defendant FRANCISCO GUERRA-ROSALES, also known as ("aka") "Alvaro Hernandez-Guerra," aka, "Churro," knowingly and intentionally possessed with the intent to distribute at least 50 grams, that is, approximately 1.22 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. §§ 922(g)(1), (5)]

On or about October 22, 2024, in Los Angeles County, within the Central District of California, defendant FRANCISCO GUERRA-ROSALES, also known as ("aka") "Alvaro Hernandez-Guerra," aka, "Churro," knowingly possessed firearms, namely: (1) a Glock model 19 9mm Luger caliber pistol, bearing serial number BATF406; and (2) a Taurus model Tracker .44 magnum caliber revolver, bearing serial number AY565373, each in and affecting interstate and foreign commerce.

Defendant GUERRA-ROSALES possessed such firearms knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Second Degree Burglary, in violation of California Penal Code section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number LACBA50943301, on or about October 4, 2023; and

2.    Possession of a Short-Barreled Rifle or Shotgun, in violation of California Penal Code section 33215, in the Superior Court of the State of California, County of Los Angeles, Case Number LACBA50943301, on or about October 4, 2023.

Additionally, defendant GUERRA-ROSALES possessed such firearms knowing that he was then an alien illegally and unlawfully in the United States.

2

COUNT THREE

[18 U.S.C. §§ 922(g)(1), (5)]

On or about December 23, 2025, in Los Angeles County, within the Central District of California, defendant FRANCISCO GUERRA-ROSALES, also known as ("aka") "Alvaro Hernandez-Guerra," aka, "Churro," knowingly possessed a firearm, namely a Kel-Tec CNC Industries, Inc. model SU-16, .223 Rem caliber rifle, bearing serial number N2H47, in and affecting interstate and foreign commerce.

Defendant GUERRA-ROSALES possessed such firearm knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Second Degree Burglary, in violation of California Penal Code section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number LACBA50943301, on or about October 4, 2023; and

2. Possession of a Short-Barreled Rifle or Shotgun, in violation of California Penal Code section 33215, in the Superior Court of the State of California, County of Los Angeles, Case Number LACBA50943301, on or about October 4, 2023.

Additionally, defendant GUERRA-ROSALES possessed such firearms knowing that he was then an alien illegally and unlawfully in the United States.

3

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of defendant's conviction of the offense set forth in Count One of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

(b)    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense; and

(c)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

4

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts Two or Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

///

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

DIANE ROLDÁN
Assistant United States Attorney
Major Crimes Section

6